The order below is hereby signed.

Signed: June 14 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MARK A. DABNEY and BEATRICE        )   Case No. 12-00027
M. DABNEY,                         )   (Chapter 7)
                                   )   For publication in West's
         Debtors.                  )   Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER REOPENING CASE
AND DENYING WAIVER OF FEES FOR FILING A MOTION TO REOPEN THE CASE

The debtors have filed a motion to reopen this case so that they can obtain their discharges pursuant to the Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23) filed after the case was closed. They request a waiver of the fees charged by the Miscellaneous Fee Schedule, items 9 and 11, upon the filing of a motion to reopen.

The court will grant the motion to reopen the case. Unfortunately, the only way to waive the reopening fee is upon the debtors showing they fit within 28 U.S.C. § 1930(f)(1) such as to permit waiver of the fee under 28 U.S.C. § 1930(f)(2). Otherwise, items 9 and 11 of the Miscellaneous Fee Schedule

require the court to charge the $260 in fees imposed by those items.[1] The debtors' income per the recently filed reaffirmation agreement is $3,800 per month. The debtors are a family of three per their Schedule I, and $3,800 is more than the $2,386.25 that is 150% of the poverty guideline for a family of that size. Accordingly, they do not fit within section 1930(f)(2), and no waiver is available. Nevertheless, the Miscellaneous Fee Schedule does not require that the fees be paid up front, and the court will permit payment of the fees in installments. Accordingly, it is

ORDERED that the case is reopened solely for the purpose of the debtors' obtaining their discharges. It is further

ORDERED that the clerk shall in due course issue the debtors their discharges and then close the case anew. It is further

---

[1] Item 9 ("Chapter 7 Trustee Surcharge") imposes a $15 surcharge for payment to trustees pursuant to 11 U.S.C. § 330(b)(2). The closing of the case discharged the chapter 7 trustee. Item 11 imposes a $245 fee for filing the motion to reopen. The Miscellaneous Fee Schedule gives the court no discretion to waive the Item 9 fee even though no trustee is to be appointed anew in this case and even though the fee that the debtors paid in full for commencing this case included a $15 chapter 7 trustee surcharge. It would make sense to permit the court to grant a waiver of the $15 chapter 7 trustee surcharge when a case is reopened solely for a purpose that does not entail appointment anew of a trustee, and one would hope that the Miscellaneous Fee Schedule would be amended to permit such a waiver. Under 28 U.S.C. § 1930(f)(3), for debtors other than those eligible for a waiver under § 1930(f)(2), the court may waive fees "in accordance with Judicial Conference policy," but the Judicial Conference has not issued a policy concerning waiving fees for such "other debtors."

ORDERED that requested waiver of the fees for filing a motion to reopen is denied (with leave to seek a waiver if the foregoing information regarding income has changed).  It is further

ORDERED that with respect to the fees for filing the motion the reopen, the debtors shall pay $65.00 of the fees by June 29, 2012; $65.00 of the fees by July 31, 2012; $65.00 of the fees by August 31, 2012; and $65.00 of the fees by September 30, 2012, with the debtors' discharges being potentially subject to being revoked if the payments are not made.  It is further

ORDERED that the United States Trustee shall not appoint a trustee in the reopened case.

[Signed and dated above.]

Copies to: Debtors; recipients of e-notification of orders.

3